UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
TRUSTEES OF PAINTING INDUSTRY        :    CASE NO. 1:14-CV-00313
INSURANCE FUND, ET AL.                       :
                                                                   :
            Plaintiffs,                                    :
                                                                   :
vs.                                                              :    OPINION & ORDER
                                                                   :    [Resolving Doc. 24]
GLASS FABRICATORS, INC.                :
                                                                   :
            Defendant.                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

State Automobile Insurance Company (State Auto) moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24.[1] Neither Plaintiffs nor Defendant have responded to the motion. For the following reasons, the Court **DENIES** State Auto's motion to intervene.

### I. Background

On February 13, 2014, Plaintiffs Trustees of Painting Industry Insurance Fund, Trustees of Painting Industry Profit Sharing Annuity Plan, and Trustees of the Cleveland Glass and Glazing Industry Pension Plan filed a complaint against Defendant Glass Fabricators, Inc.[2] Plaintiffs generally allege that Defendant did not make contractually required employer contributions to employee benefits funds.[3]

State Auto says that, as "liability insurance carrier" for Defendant, it "has an interest in the pending lawsuit" since it "would potentially be made to indemnify [Defendant] for any . . . damages

---

[1] Doc. 24.
[2] Doc. 1.
[3] *See id.* (citing 29 U.S.C. § 1145).

-1-

Case No. 1:14-CV-00313
Gwin, J.

awarded to Plaintiffs."[4] State Auto thus asks the Court to allow it to intervene and seek a declaratory judgment as to its rights and obligations under its contracts with Defendant.

## II. Legal Standards

State Auto has argued both that it must be allowed to intervene as of right, and alternatively that the Court should exercise its discretion to allow State Auto to permissively intervene.

Under Rule 24(a)(2), a third party may, "on timely motion," intervene in an action as "of right" when the would-be intervenor "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest."[5] In the Sixth Circuit, before being entitled to intervene, a party seeking to intervene as of right must establish four factors:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.[6]

Under Rule 24(b)(1)(B), a court has discretion to allow intervention upon a timely motion when the would-be intervenor "has a claim or defense that shares with the main action a common question of law or fact."[7] In the exercise of this discretion, a court considers whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights."[8] Regarding permissive intervention, the Sixth Circuit has stated that if the motion for intervention

---

[4] Doc. 24 at 3.
[5] Fed. R. Civ. P. 24(a)(2).
[6] *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).
[7] Fed. R. Civ. P. 24(b)(1)(B).
[8] Fed. R. Civ. P. 24(b)(3).

Case No. 1:14-CV-00313
Gwin, J.

is timely and at least one common question of law or fact exists, the balancing of undue delay, prejudice to the original parties, and any other relevant factors should be considered.[9/]

### III. Analysis

The Court will sequentially address whether State Auto may intervene, either as of right or permissively. Fatal to State Auto's motion under either standard, the Court finds its motion to be untimely. But even if the motion were timely, State Auto would not be entitled to intervene as of right because it lacks a substantial interest in this case. And the Court will not allow permissive intervention since doing so would prejudice the original parties' interests in the speedy resolution of this case.

### A. Intervention of Right

To be entitled to intervene as of right under Rule 24(a)(2), State Auto must establish, among other things, both that its motion is timely and that it has a substantial interest in the case. State Auto can do neither.

"Timeliness is a matter within the sound discretion of the district court" that must be "determined from all the circumstances."[10/] Among the factors that a court should consider in making this determination are the potential for prejudice to the original parties and the point to which the suit has progressed.[11/]

State Auto moves to intervene just as dispositive motion practice is closing and two months

---

[9/] *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

[10/] *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982).

[11/] *See id.* Other factors include the purpose for seeking intervention, the amount of time between learning of the action and seeking to intervene, and any unusual circumstances. *Id.* The purpose for seeking intervention seems inextricably intertwined with the nature of the proposed intervenor's interest, which the Court discusses below. The Court finds there was not an unreasonable delay between State Auto learning about this action on July 30, 2014, *see* Doc. 24 at 2, and filing this motion on October 9, 2014, just over two months later. The Court finds no other unusual circumstances present here.

Case No. 1:14-CV-00313
Gwin, J.

before trial is scheduled to begin. State Auto nevertheless says that "there would be little if any inconvenience to this Court or prejudice to the parties by allowing intervention at this time."[12] The Court disagrees. Having to adjudicate State Auto's state law contract rights would essentially add a second, completely separate layer to this action. The parties would need to conduct discovery regarding the contracts and would need to engage in subsequent motion practice. If State Auto is allowed to intervene now, the case between the existing parties would have to be put on hold to accommodate these new issues.[13] Thus, given the state of the proceedings and the short time until trial, the motion to intervene is untimely.

The proposed intervenor's "interest" in the action must be "sufficiently direct and immediate to justify his entry as a matter of right."[14] State Auto's interest in the subject matter of this action is neither direct nor immediate.

An insurance company does not have a sufficient interest in the underlying action just because it may ultimately have to indemnify the defendant. In such cases, the insurer's interest is "contingent on both (1) a determination that the defendant [is] liable, and (2) a determination that the insurer ha[s] a duty to indemnify the defendant under the insurance policy."[15] This is especially true when, as in this case, the insurer has not admitted that the insurance policy covers the claim.[16]

---

[12] Doc. 24 at 4.

[13] *See Caterino v. Barry*, 922 F.2d 37, 41–42 (1st Cir. 1990) (district court was within its discretion to deny intervention because it would have necessitated reopening already substantially completed discovery, which would have delayed trial); *EEOC v. United Air Lines, Inc.*, 515 F.2d 946, 950 (7th Cir. 1975) (same); *cf. Vassalle v. Midland Funding LLC*, 708 F.3d 747, 760 (6th Cir. 2013) (allowing permissive intervenor to class action three weeks before the fairness hearing "would unduly delay the adjudication of the original parties' rights").

[14] *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 154 (1967).

[15] *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (citing *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods.*, 725 F. 2d 871, 876 (2d Cir. 1984)).

[16] *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989).

-4-

Case No. 1:14-CV-00313
Gwin, J.

State Auto, as Defendant's insurer, may be obligated to cover some portion of any damage award against Defendant. But the subject matter of this action, alleged delinquent employer contributions to employee benefits funds, has nothing to do with State Auto's interest. State Auto's interest is simply "the amount it will have to pay" Defendant if Plaintiffs win.[17] Accordingly, State Auto lacks a direct interest in the lawsuit between Plaintiffs and Defendant.

Essentially, State Auto attempts to shoehorn its potential declaratory judgment contract claim into this ERISA action. But whether State Auto has any obligation to Defendant under their insurance contract is wholly a matter of state contract law and bears no relation to the underlying lawsuit.[18]

Because State Auto does not have a substantial interest in this case, the Court need not consider whether the non-existent interest would be impaired absent intervention or whether the existing parties adequately protect it. The Court notes, however, that it is in the best interest of Defendant to fully litigate the case in order to minimize any damages award against it. Even if State Auto would wholly or partially indemnify Defendant, Defendant would face deleterious economic consequences if it were to lose this case—either through paying damages, or facing higher future insurance rates, or both. Thus, it appears that the incentives and interests of Defendant and State Auto are aligned.

### B. Permissive Intervention

The Court also considers State Auto's alternative argument that the Court should allow permissive intervention under Rule 24(b)(1)(B). In deciding whether to grant this request, the Court

---

[17]*Restor-A-Dent Dental Labs., Inc.*, 725 F.2d at 875.

[18]*Cf. Travelers Indem. Co.*, 884 F.2d at 640 ("We will not permit [the insurers] . . . to drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability among joint tortfeasors.").

-5-

Case No. 1:14-CV-00313
Gwin, J.

must balance undue delay and prejudice to the original parties against any other relevant factors.

State Auto says that it should be allowed to intervene because it has a substantial right that may impaired otherwise.[19] The Court finds that State Auto does not have a substantial interest in this action for the reasons given above.

Furthermore, in deciding whether to allow permissive intervention, Rule 24(b)(3) makes paramount the interests of the *original parties* and ensuring that they do not suffer undue delay. Although other interests may be taken into account, the fact that these interests are the only ones that the Court *must* consider indicate that they should be given more weight than those of the potential intervenor.

The Court has already found that this motion is untimely because it would prejudice the existing parties by delaying the upcoming trial. That same concern counsels against allowing permissive intervention.

Nor would allowing State Auto to intervene here "save the parties time or expense at a later time, associated with defending a declaratory judgment action."[20] First, Plaintiffs would not be directly involved with a later declaratory judgment action—only Defendant would be involved. So Plaintiffs' interests in the efficient adjudication of this case would certainly be prejudiced. Second, since State Auto's declaratory judgment is insufficiently related to this action, there would be few (if any) efficiencies achieved by joining the cases. The two require different evidence and different laws will apply. All State Auto would achieve with this motion would be to accelerate the timing of its case against Defendant. That is an insufficient reason for this Court to allow permissive

---

[19] Doc. 24 at 4–5.
[20] *Id.* at 4.

-6-

Case No. 1:14-CV-00313
Gwin, J.

intervention.

Given the stage of the proceedings, the Court finds that allowing State Auto to intervene would "unduly delay . . . the adjudication of the original parties' rights."[21]

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** State Auto's motion to intervene.

IT IS SO ORDERED.


Dated: November 10, 2014                    s/     *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[21] Fed. R. Civ. P. 24(b)(3).